UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| **ASHLEY WEINRAUCH**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA**, a political subdivision of the State of Florida,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  9:25-cv-80730<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **ASHLEY WEINRAUCH** ("**WEINRAUCH**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Americans with Disabilities Act (ADA) and Florida Civil Rights Act (FCRA) for (1) disability discrimination in violation of the ADA, (2) disability discrimination in violation of the FCRA, (3) retaliation in violation of the ADA, and (4) retaliation in violation of the FCRA.

**PARTIES**

2. The Plaintiff, **ASHLEY WEINRAUCH** ("**WEINRAUCH**") is an individual and a former resident of Florida who at all material times resided in Palm Beach County, Florida. At all material times, **WEINRAUCH** performed work primarily in Palm Beach County, Florida, which is within the Southern District of Florida, during the events giving rise to this case.

1

**WEINRAUCH** was an employee within the contemplation of the ADA and FCRA. Venue for this action lies in the Southern District of Florida, West Palm Beach Division.

3. The Defendant, **THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA** ("Defendant") is a political subdivision of the State of Florida and operates the public school system in Palm Beach County, Florida. Defendant was **WEINRAUCH**'s employer within the meaning of the ADA and FCRA as it employs in excess of 50 employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Southern District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Palm Beach County, Florida, which is within the Southern District of Florida. Venue is proper in the West Palm Beach Division since the action accrued primarily in Palm Beach County, which is within the West Palm Beach Division.

6. **WEINRAUCH** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on March 18, 2025 and the instant Complaint is filed within the time frame required under the law. A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.

## GENERAL ALLEGATIONS

7. **WEINRAUCH** began her employment with the Defendant in or about August 2018 and was employed as a teacher.

8. **WEINRAUCH** performed her assigned duties in a professional manner and was very well qualified for her position.

9. In fact, **WEINRAUCH** always received effective to highly effective performance reviews from the Defendant prior to her developing a disability.

10. In 2021, **WEINRAUCH** was in a serious accident and required multiple surgeries that required her to take medical leave.

11. **WEINRAUCH** suffers from impairments of the musculo-skeletal system (among other things) and was a qualified person with a disability, and thus a member of a protected class.

12. **WEINRAUCH**'s impairments impact her ability to perform major life activities, such as moving, lifting and working when not in remission.

13. **WEINRAUCH** has a history of these impairments that limits major bodily functions and several major life activities. **WEINRAUCH**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

14. When **WEINRAUCH** requested an extension of her medical leave, the Defendant denied it and demanded she return with full medical clearance (despite knowing her doctor had not yet cleared her) or resign.

15. **WEINRAUCH** immediately submitted a formal ADA accommodation request, offering flexibility and openness to any options that would allow her to return to work safely.

16. One of the reasonable accommodations requested by **WEINRAUCH** was to be placed in the position of being a remote teacher as several such positions were vacant and she could perform all of the essential functions of that position with or without a reasonable accommodation.

17. However, rather than collaborate or engage in the interactive process required by the ADA, the Defendant denied **WEINRAUCH**'s requests for reasonable accommodation and ultimately terminated her employment on or about September 18, 2023.

18. At all material times, the Defendant was aware of **WEINRAUCH**'s disabilities and requests for reasonable accommodations, and consequently her protected classes, which are the bases for its discriminatory employment practices toward her.

### COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

19. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

20. At all relevant times, **WEINRAUCH** was an individual with a disability within the meaning of the ADA.

21. Specifically, **WEINRAUCH** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment.

22. **WEINRAUCH** is a qualified individual as that term is defined in the ADA.

23. At all material times, **WEINRAUCH** was an employee, and the Defendant was her employer covered by and within the meaning of the ADA.

24. **WEINRAUCH** has disabilities, which qualify under the ADA.

25. Defendant discriminated against **WEINRAUCH** with respect to the terms, conditions, and privileges of employment because of her disabilities.

26. Defendant conducted itself with malice or with reckless indifference to **WEINRAUCH**'s federally protected rights.

27. Defendant discriminated against **WEINRAUCH** in violation of the ADA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

28. The conduct of Defendant altered the terms and conditions of **WEINRAUCH**'s employment and **WEINRAUCH** suffered negative employment action in the form of discipline and termination.

29. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **WEINRAUCH** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

30. As a direct and proximate result of the violations of the ADA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **WEINRAUCH** is entitled to all relief necessary to make her whole.

31. As a direct and proximate result of the Defendant's actions, **WEINRAUCH** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

32. **WEINRAUCH** has exhausted her administrative remedies, and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

 iv. Reasonable attorney's fees plus costs;

 v. Compensatory damages, and;

 vi. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

33. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

34. At all relevant times, **WEINRAUCH** was an individual with a disability within the meaning of the FCRA.

35. Specifically, **WEINRAUCH** has impairments that would substantially limit one or more major life activities and bodily functions and has a record of the impairment.

36. **WEINRAUCH** is a qualified individual as that term is defined in the FCRA.

37. At all material times, **WEINRAUCH** was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

38. **WEINRAUCH** has disabilities, which qualify under the FCRA.

39. Defendant discriminated against **WEINRAUCH** with respect to the terms, conditions, and privileges of employment because of her disabilities.

40. Defendant conducted itself with malice or with reckless indifference to **WEINRAUCH**'s protected rights under Florida law.

41. Defendant discriminated against **WEINRAUCH** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

42. The conduct of the Defendant altered the terms and conditions of **WEINRAUCH**' employment and **WEINRAUCH** suffered negative employment action in the form of discipline and termination.

Case 9:25-cv-80730-RLR   Document 1   Entered on FLSD Docket 06/11/2025   Page 7 of 11

43. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **WEINRAUCH** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

44. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **WEINRAUCH** is entitled to all relief necessary to make her whole.

45. As a direct and proximate result of the Defendant's actions, **WEINRAUCH** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

46. **WEINRAUCH** has exhausted her administrative remedies, and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

7

## COUNT III – VIOLATION OF THE ADA- RETALIATION

47. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

48. Following **WEINRAUCH**'s requests for reasonable accommodations and objections to disability discrimination, Defendant retaliated by altering the terms and conditions of her employment by terminating **WEINRAUCH**.

49. Said protected activity was the proximate cause of Defendant's negative employment actions against **WEINRAUCH** including changed working conditions, discipline, and ultimately termination.

50. Instead of ceasing its discrimination, Defendant retaliated against **WEINRAUCH** via changed working conditions, discipline, and termination.

51. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

52. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **WEINRAUCH** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

53. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **WEINRAUCH** is entitled to all relief necessary to make her whole as provided for under the ADA.

54. As a direct and proximate result of Defendant's actions, **WEINRAUCH** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past

and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

55. **WEINRAUCH** has exhausted her administrative remedies, and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

56. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

57. Following **WEINRAUCH**'s requests for reasonable accommodations and objections to disability discrimination, Defendant retaliated by altering the terms and conditions of her employment by terminating **WEINRAUCH**.

58. Said protected activity was the proximate cause of Defendant's negative employment actions against **WEINRAUCH** including changed working conditions, discipline, and ultimately termination.

59. Instead of ceasing its discrimination, Defendant retaliated against **WEINRAUCH** via changed working conditions, discipline, and termination.

60. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

61. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **WEINRAUCH** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

62. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **WEINRAUCH** is entitled to all relief necessary to make her whole as provided for under the FCRA.

63. As a direct and proximate result of Defendant's actions, **WEINRAUCH** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

64. **WEINRAUCH** has exhausted her administrative remedies, and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position

   with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Demand is hereby made for a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

            Respectfully submitted,

Dated: June 11, 2025     **/s/ Benjamin H. Yormak**
            Benjamin H. Yormak
            Florida Bar Number 71272
            Lead Counsel for Plaintiff
            YORMAK EMPLOYMENT & DISABILITY LAW
            27200 Riverview Center Blvd., Suite 109
            Bonita Springs, Florida 34134
            Telephone: (239) 985-9691
            Fax: (239) 288-2534
            Email: byormak@yormaklaw.com